# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------------X

ERDEM CICEKCI, ERDAL CICEKCI and
YAVUZ SAHBAZ, *on behalf of themselves,*
*FLSA Collective Plaintiffs and the Class,*

                       Plaintiffs,

     -against-

TOPKAPI II, INC. and NEJDET APCIN,

                   Defendants.

-------------------------------------------------------------X

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiffs Erdem Cicekci ("Erdem"), Erdal Cicekci ("Erdal"), and Yavuz Sahbaz ("Yavuz") (collectively, "Plaintiffs") allege on behalf of themselves, FLSA Collective Plaintiffs and the Class, against Topkapi II, Inc. ("Topkapi") and Nejdet Apcin ("Apcin") (collectively, "Defendants"), upon information and belief, as follows

## NATURE OF THE CLAIMS

1.     Erdem was employed by the Defendants as a non-exempt employee from approximately December 2015 to April 27, 2019. During this time period, Erdem would work six (6) days per week. On four of these six days, he would work from 11:00 am to 10:00 pm (11 hours per day) and on two of these six days he would work from 11:00 am to 10:30 pm (11.5 hours per day) for a total of 67 hours.

2.     During his employment, Erdem was paid, with few exceptions, $12.50 per hour for forty hours.

3.     During this time period, for the hours worked in excess of forty each week, Erdem was not paid at all.

4.     For the hours worked in excess of forty each week, Erdem was paid an hourly wage less

than the minimum wage.

5.     During this time period, Erdem was also not paid any overtime wages.

6.     During this time period, Erdem was also not granted any sick leave.

7.     Erdal was employed by the Defendants as a non-exempt employee from 2011 to April 27, 2019.  During this time period, Erdal would work six (6) days per week. On four of these six days, he would work from 11:00 am to 10:00 pm (11 hours per day) and on two of these six days he would work from 11:00 am to 10:30 pm (11.5 hours per day) for a total of 67 hours.

8.     During his employment, Erdal was paid, with few exceptions, $12.50 per hour for forty hours.

9.     During this time period, for the hours worked in excess of forty each week, Erdal was not paid at all.

10.    For the hours worked in excess of forty each week, Erdal was paid an hourly wage less than the minimum wage.

11.    During this time period, Erdal was not paid any overtime wages.

12.    During this time period, Erdal was not granted any sick leave.

13.    Yavuz was employed by the Defendants as a non-exempt employee from June 2014 to December 2015, then from July 2016 to December 2016 and again from July 2018 to May 15, 2019.  During this time period, Yavuz would work six (6) days per week. On four of these six day, he would work from 11:00 am to 10:00 pm (11 hours per day) and on two of these six days he would work from 11:00 am to 10:30 pm (11.5 hours per day) for a total of 67 hours.

14.    During his employment, Yavuz was paid, with few exceptions, $12.50 per hour for forty

hours.

15.     During this time period, for the hours worked in excess of forty each week, Yavuz was not paid at all.

16.     For the hours worked in excess of forty each week, Yavuz was paid an hourly wage less than the minimum wage.

17.     During this time period, Yavuz was paid an hourly wage less than the minimum wage.

18.     During this time period, Yavuz was not paid any overtime wages.

19.     During this time period, Yavuz was not granted any sick leave.

20.     Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that they and others similarly situated are entitled to recover from Defendants: (1) the minimum wage, (2) unpaid overtime, (3) sick leave, (4) penalties for required notices, (5) liquidated damages and (6) attorneys' fees, interest, and costs.

21.     Plaintiffs further allege that, pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* (the "NJWL"), for Plaintiffs and similarly situated co-workers – cooks, servers, bussers, runners, bartenders, and other similarly situated employees who work or have worked at Topkapi located at 178 Piermont Road, Cresskill, New Jersey 07626, are entitled to recover from Defendants: (1) minimum wage, (2) unpaid overtime, (3) sick leave, (4) penalties for required notices, (5) liquidated damages and (6) attorneys' fees, interest, and costs.

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

23.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because Plaintiffs and Defendants reside in this district.

24.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

25.     Plaintiff Erdem Cicekci ("Erdem") was and is a resident of Fairview, New Jersey.

26.     Plaintiff Erdal Cicekci ("Erdal") was and is a resident of Fairview, New Jersey.

27.     Plaintiff Yavuz Sahbaz ("Yavuz") was and is a resident of Cliffside Park, New Jersey.

28.     Defendant Topkapi II, Inc. ("Topkapi") was and is a domestic corporation existing under the laws of the State of New Jersey, with a service of process address located at 178 Piermont Road, Cresskill, NJ 07626.

29.     Topkapi was and is doing business as Samdan Restaurant.

30.     At all times relevant to this action, Topkapi has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

31.     Defendant Nejdet Apcin ("Apcin"), upon information and belief, was and is a resident of the State of New Jersey.

32.     At all times relevant to this action, Apcin was and is the Owner of Topkapi.

33.     Apcin exercised control over the employment terms and conditions of the Plaintiffs, FLSA Collective Plaintiffs and Class Members. Apcin had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiffs, FLSA Collective Plaintiffs and Class Members.

34. At all times, employees could complain to Apcin directly regarding any of the terms of their employment.

35. At all times, Apcin had and currently has the authority to effect any changes to the quality and terms of employees' employment at Topkapi.

36. At all times, Apcin had and currently has functional control over the business and financial operations of Topkapi.

37. The acts of Topkapi charged in this Complaint were authorized, directed or accomplished by Apcin individually.

38. The acts of Topkapi charged in this Complaint were authorized, directed or accomplished by Apcin's agents, officers, employees or representatives, while actively engaged in the management of Topkapi's business.

39. At all relevant times, Topkapi was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NJWL and the regulations thereunder.

40. At all relevant times, the work performed by the Plaintiffs, FLSA Collective Plaintiffs and Class Members was directly essential to the businesses operated by the Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, servers, bussers, runners, bartenders and other similarly situated employees, employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class period").

42. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiffs stated herein are essentially the same as those of the FLSA Collective Plaintiffs.

43.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW JERSEY

44.     Plaintiffs also bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt current and former employees, including but not limited to other cooks, chefs and staff, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

45.     All said persons, including the Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

46.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

47.     The Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, which were and are (1) failure to pay minimum wage, (2) failure to pay overtime, (3) failure to pay sick leave, (4) penalties for required notices, (5) liquidated damages and (6) attorneys' fees, interest, and costs.

48.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. The Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

49.     The Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

50.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of

similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

51. Defendants and other employers throughout the state violate the NJWL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

52.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed the Plaintiffs and Class members within the meaning of the NJWL;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiffs and Class members for their work;

(d)     Whether Defendants properly notified the Plaintiffs and Class members of their hourly rate and overtime rate;

(e)     Whether Defendants paid the Plaintiffs and Class members the proper minimum wage and overtime compensation under the NJWL;

(f)     Whether Defendants paid the Plaintiffs and Class members the proper wages for sick leave;

(g)     Whether Defendants provided proper notices to the Plaintiffs and Class members per requirements of the NJWL; and

**STATEMENT OF FACTS**

**Wage Claims for Erdem**

53.     Erdem worked for the Defendants at the 178 Piermont Road, Cresskill, NJ 07626.

54.     Erdem was employed by the Defendants as a non-exempt employee from approximately December 2015 to April 27, 2019. During this time period, Erdem would work six (6) days per week for a total of 67 hours.

55.     During Erdem's employment with the Defendants, Erdem worked in excess of forty (40)

hours per week.

56.  Defendants paid Erdem $12.50 per hour for forty hours of work.

57.  Defendants refused and failed to pay Erdem for sick leave.

58.  Defendant falsely reported that Erdem only worked 40 hours per week on the pay stubs provided despite Erdem working approximately 68 hours per week.

59.  For the hours worked in excess of forty each week, Defendants failed to pay Erdem at the required minimum wage rate.

60.  Although Erdem worked over forty hours per week, Defendants failed to pay Erdem at the required overtime premium rate.

61.  Defendants reported that Erdem was paid an hourly rate of $12.50 per hour.

62.  The Defendants did not provide any of the required notices to Erdem upon his hire or at any time thereafter; said violation include but are not limited to the following: NJSA 12:21-1.8, NJSA 34:19-7 and NJAC12:2-1.3.

63.  The Defendants did not provide Erdem with a proper wage statement with each payment he received.

64.  Defendants failed to pay Erdem for sick leave, failed to pay Erdem minimum wage, and failed to pay Erdem for the overtime hours worked.

**Wage Claims for Erdal**

65.  Erdal worked for the Defendants at the 178 Piermont Road, Cresskill, NJ 07626.

66.  Erdal was employed by the Defendants as a non-exempt employee from approximately 2011 to April 27, 2019. During this time period, Erdal would work six (6) days per week for a total of 67 hours.

67.  During Erdal's employment with the Defendants, Erdal worked in excess of forty (40)

hours per week.

68.     Defendants paid Erdal $12.50 per hour for forty hours of work.

69.     Defendants refused and failed to pay Erdal for sick leave.

70.     Defendant falsely reported that Erdal only worked 40 hours per week on the pay stubs provided despite Erdal working approximately 68 hours per week.

71.     For the hours worked in excess of forty each week, Defendants failed to pay Erdal at the required minimum wage rate.

72.     Although Erdal worked over forty hours per week, Defendants failed to pay Erdal at the required overtime premium rate.

73.     Defendants reported that Erdal was paid an hourly rate of $12.50 per hour.

74.     The Defendants did not provide any of the required notices to Erdal upon his hire or at any time thereafter; said violation include but are not limited to the following: NJSA 12:21-1.8, NJSA 34:19-7 and NJAC12:2-1.3.

75.     The Defendants did not provide Erdal with a proper wage statement with each payment he received.

76.     Defendants failed to pay Erdal for sick leave, failed to pay Erdal the minimum wage, and failed to pay Erdal the overtime hours worked.

**Wage Claims for Yavuz**

77.     Yavuz worked for the Defendants at the 178 Piermont Road, Cresskill, NJ 07626.

78.     Yavuz was employed by the Defendants as a non-exempt employee from approximately June 2014 to December 2015, from July 2016 to December 2016 and from July 2018 to May 15, 2019. During these time periods, Yavuz would work six (6) days per week for a total of 67 hours.

79.  During Yavuz's employment with the Defendants, Yavuz worked in excess of forty (40) hours per week.

80.  Defendants paid Yavuz $12.50 per hour for forty hours of work.

81.  Defendants refused and failed to pay Yavuz for sick leave.

82.  Defendant falsely reported that Yavuz only worked 40 hours per week on the pay stubs provided despite Yavuz working approximately 68 hours per week.

83.  For the hours worked in excess of forty each week, Defendants failed to pay Yavuz at the required minimum wage rate.

84.  Although Yavuz worked over forty hours per week, Defendants failed to pay Yavuz at the required overtime premium rate.

85.  Defendants reported that Yavuz was paid an hourly rate of $12.50 per hour.

86.  The Defendants did not provide any of the required notices to Yavuz upon his hire or at any time thereafter; said violation include but are not limited to the following: NJSA 12:21-1.8, NJSA 34:19-7 and NJAC12:2-1.3.

87.  The Defendants did not provide Yavuz with a proper wage statement with each payment he received.

88.  Defendants failed to pay Yavuz for sick leave, failed to pay Yavuz the minimum wage, and failed to pay Yavuz the overtime hours worked.

89.  Although the Plaintiffs, FLSA Collective Plaintiffs and Class members worked over forty hours per week, Defendants never paid them for the extra hours worked.

90.  Although the Plaintiffs, FLSA Collective Plaintiffs and Class members worked over forty hours per week, Defendants never paid them at the required minimum wage rate.

91.  Although the Plaintiffs, FLSA Collective Plaintiffs and Class members worked over forty

hours per week, Defendants never paid them at the required overtime premium rate.

92.  Although the Plaintiffs, FLSA Collective Plaintiffs and Class members had earned sick leave, Defendants never paid them for the sick leave hours earned.

93.  Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New Jersey State minimum wage to the Plaintiffs, FLSA Collective Plaintiffs and Class members.

94.  Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New Jersey State overtime rate (of time and one-half) to the Plaintiffs, FLSA Collective Plaintiffs and Class members.

95.  Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to the Plaintiffs and Class members, in violation of the NJWL.

96.  Defendants knowingly and willfully operated their business with a policy of not providing proper notices to the Plaintiffs and Class members, at the beginning of employment and at any time thereafter, in violation of the NJWL.

97.  Upon information and belief, Defendants were well aware of the FLSA and the NJWL having been fined and penalized in the past for violating said laws.

98.  Despite knowledge, Defendants intentionally and maliciously acted in violation of the FLSA and the NJWL.

99.  The Plaintiffs retained Akin Law Group PLLC to represent the Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

### FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wage)

100.  Plaintiffs, on behalf of themselves and the NJWL Class Members, repeat and reallege each

and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein

101.   Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a), and employed the Plaintiffs.

102.   Defendants were required to pay the Plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

103.   Defendants failed to pay the Plaintiffs and the FLSA Collective the minimum wage to which they are entitled under the FLSA.

104.   Defendants were (and should be) aware from being an employer for many years and from the prior violations that the practices described in this Complaint were unlawful; Defendants have intentionally and willfully refused to make a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the FLSA Collective.

105.   Considering Defendants willful conduct, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

106.   As a result of Defendants' willful violations of the FLSA, the Plaintiffs and the FLSA Collective are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, interest, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

107.   Plaintiffs, on behalf of themselves and the NJWL Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

108.   Defendants were required to pay the Plaintiffs and the FLSA Collective one and one-half

(1 ½) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

109.  Defendants failed to pay the Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

110.  Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

111.  Defendants willfully violated the FLSA by knowingly and intentionally failing to pay the Plaintiffs and the FLSA Collective overtime wages.

112.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), requiring the application of the three year statute of limitations period.

113.  As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

114.  By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week Defendants caused the Plaintiffs and the NJWL Class Members to suffer loss of wages and interest thereon.

115.  Plaintiffs and the NJWL Class Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
### (NJWL – Unpaid Minimum Wage)

116.   Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

117.   At all times relevant, Defendants were/are employers and Plaintiffs and the NJWL Class Members were/are employees within the meaning of N.J.S.A. §34:11-56a, et seq., and the supporting New Jersey Department of Labor and Workforce Development Regulations.

118.   Defendants have failed to pay the Plaintiffs and the Class Members the minimum hourly wages to which they were/are entitled under the NJWL and the supporting New Jersey Department of Labor and Workforce Development Regulations.

119.   Defendants were required to pay Plaintiff and the Class Members the requisite minimum wage that was in effect at the time of their employment (1) a rate of $7.25 for all hours worked from 2011 to 2015; (2) a rate of $8.00 per hour for all hours worked in 2016; (3) a rate of $8.30 for all hours worked in 2017; (4) a rate of $8.60 for all hours worked in 2018 and (5) at a rate of $8.85 an hour for all hours worked on or after January 1, 2019 under N.J.S.A. § 34:11-56a, et seq. and the supporting New Jersey Department of Labor and Workforce Development Regulations.

120.   By Defendants' knowing or intentional failure to pay Plaintiff and the NJWL Class minimum hourly wages, they have willfully violated N.J.S.A. § 34:11-56a, et seq. and the supporting New Jersey Department of Labor and Workforce Development Regulations.

121.   Due to Defendants' violations of the NJWL, Plaintiff and the NJWL Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### (NJWL – Unpaid Overtime)

122. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

123. The overtime wage provisions of N.J.S.A. § 34: 11-56a, et seq. and the supporting New Jersey Department of Labor and Workforce Development Regulations apply to Defendants and protect the Plaintiffs and the NJWL Class Members.

124. Defendants have failed to pay Plaintiff and the NJWL Class the overtime wages to which they are entitled under the N.J.S.A. § 34:11-56a, et seq. and the supporting New Jersey Department of Labor and Workforce Development Regulations - at a rate of 1.5 times the full minimum wage rate - for all hours worked beyond 40 per workweek.

125. By Defendants' knowing or intentional failure to pay the Plaintiffs and the NJWL Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated N.J.S.A. § 34:11-56a4, et seq. and the supporting New Jersey Department of Labor and Workforce Development Regulations.

126. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week Defendants caused the Plaintiffs and the NJWL Class Members to suffer loss of wages and interest thereon.

127. Due to Defendants' violations of the NJWL, the Plaintiffs and the NJWL Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### (NJWL – Sick Leave)

128.   Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

129.   On October 29, 2018 the New Jersey Paid Sick Leave Act, N.J.S.A. 34:11D-1 et seq., became effective requiring the Defendants to provide the Plaintiffs and the Class Members one hour of paid leave for every 30 hours worked.

130.   The New Jersey Paid Sick Leave Act further mandated that the Defendants provide written notice to the Plaintiffs and existing Class Members by November 29, 2018. Defendants violated these provisions by intentionally failing to provide the requisite notice.

131.   The New Jersey Paid Sick Leave Act further required the Defendants to maintain paid leave records for up to five years with the caveat that any failure to maintain or retain adequate records creates rebuttable presumption that employer violated the Act.

132.   Failure to comply with the requirements of the New Jersey Paid Sick Leave Act gives rise to the Plaintiffs and the Collective Members to a private right of action.

133.   By failing to pay sick leave Defendants caused the Plaintiffs and the NJWL Class Members to suffer loss of wages and interest thereon.

134.   Due to Defendants' violations of the NJWL, the Plaintiffs and the NJWL Class Members are entitled to recover from Defendants their unpaid sick leave wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**(Civil Damages for Fraudulent Filing of Information Returns under 26 U.S.C. § 7434(a))**

135.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

136.    By failing to provide Plaintiff and NJWL Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as compensation for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

137.    Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs on behalf of themselves, the FLSA Collective Plaintiffs and the Class, respectfully request that this Court grant the following relief:

A.    Designation of this action as a collective action and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the NJWL Class Members;

B.   That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Employees who are presently working at, or who have worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice at Topkapi II, located at 178 Piermont Road, Cresskill, New Jersey 07626. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

C.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

D.   Unpaid minimum wages, overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E.   Unpaid minimum wages, overtime wages, and an additional and equal amount as liquidated damages pursuant to N.J.S.A. § 34:11-56a, et seq., and the supporting New Jersey Department of Labor and Workforce Development Regulations;

F.   Civil damages of $5,000 per Plaintiff for the fraudulent filing of information returns, pursuant to 26 U.S.C. §7434.

G.   An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

H.   An award of prejudgment and post-judgment interest;

I.   An award of costs and expenses of this action together with reasonable attorneys' and

expert fees;

J.     Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiffs demand a trial by jury.

Dated: November 26, 2019
        New York, New York

                                    Respectfully submitted,

                                    **Akin Law Group PLLC**

                                    */s/ Robert D. Salaman*
                                    _____
                                    Robert D. Salaman
                                    Zafer A. Akin
                                    45 Broadway, Suite 1420
                                    New York, NY 10006
                                    (212) 825-1400
                                    rob@akinlaws.com
                                    zafer@akinlaws.com

                                    *Counsel for Plaintiffs, FLSA Collective*
                                    *Plaintiffs and the Class*